**Julia ROBINSON et al., etc., Plaintiffs-Appellants,**

v.

**William H. KIMBROUGH et al., etc., Defendants-Appellees.**

No. 75–2135.

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

---

Ellen W. Leitzer, Laughlin McDonald, Neil Bradley, Atlanta, Ga., for plaintiffs-appellants.

Forrest L. Champion, Jr., Columbus, Ga., W. Kendrick Askew, Pine Mountain, Ga., for defendants-appellees.

Arthur K. Bolton, Atty. Gen., State of Ga., Michael J. Bowers, State Law Dept., Atlanta, Ga., amicus curiae.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion October 22, 1976, 5 Cir., 1976, 540 F.2d 1264).

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

The defendants in this case are the jury commissioners of Harris County, Georgia. They are charged by Georgia law with comprising and revising jury lists for use in selecting jurors for grand juries and trial juries in the county. They have no function or duty with respect to § 59–112(b), Ga. Code Ann., which provides:

> Any other person summoned to jury duty may be excused therefrom by the judge of the court to which he has been summoned upon a showing that he will be engaged during the term of his required service in work necessary to the public health, safety or good order, or that she is a housewife with children 14 years of age or younger.

Under this statute the matter of excuses from jury service of persons claiming to be housewives with children 14 or under is in the hands of the judges of the court to which such persons are summoned for jury duty. The judges are the persons whose action is the state action of concern. No judge has been made a defendant. There being no defendants in the case who have any duty, power or authority with respect to the challenged provision of § 59–112(b), the claim that it is unconstitutional, facially or as applied, was not an actual controversy between real parties. It lacked "the 'exigent adversity' which is an essential condition precedent to federal court adjudication." *Gras v. Stevens*, 415 F.Supp. 1148 at 1150 (S.D.N.Y.1976, three-judge court) (Friendly, J.). "In part those words [case or controversy] limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." Wright, Law of Federal Courts, (3d ed.) § 12, p. 38. The claim that § 59–112(b) is unconstitutional was not a matter for judicial determination in this case.

Those parts of the opinion and judgment of the district court relating to § 59–112(b) must be vacated. The final substantive paragraph of the panel opinion, 540 F.2d 1265–66, beginning with the phrase "Issue 2," also must be vacated. The holdings of the panel opinion with respect to issues (1), (4) and (5) remain in effect. The panel left for the district court on remand issue (3), whether a three-judge court should be impaneled. Our decision with respect to § 59–112(b) disposes of this question.

The opinion and judgment of the district court are AFFIRMED in part and VACATED in part. The opinion of the panel is VACATED in part.